**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 27, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DANUEL JUNIOR DYER,

Defendant-Appellant.

No. 10-7018
(D.C. No. 6:08-CR-00025-FHS-5)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

Danuel Junior Dyer entered a guilty plea to one count of conspiracy to possess with intent to distribute and distribution of controlled substances in violation of 21 U.S.C. § 846. His plea agreement included a waiver of his right to appeal his conviction or sentence. Despite his appeal waiver, Mr. Dyer filed an appeal seeking to challenge his conviction and sentence. The government then

---

[*] This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

moved to enforce the appeal waiver pursuant to our decision in *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).

Mr. Dyer has now filed a response to the government's motion to enforce the plea agreement, in which he concedes through counsel that "as a part of the plea agreement he entered into in this case, [he] executed a broad waiver of his appellate and post-conviction rights." Resp. at 1. He notes, however, that he reserved his right to bring a 28 U.S.C. § 2255 motion alleging ineffective assistance of counsel in the matter of his guilty plea and plea agreement. Mr. Dyer concludes his response by asking this court to dismiss his appeal without prejudice to his right to file a § 2255 motion.

Because Mr. Dyer has not challenged the government's motion to enforce, and he has asked this court to dismiss his appeal, we GRANT the motion to enforce the appeal waiver, without prejudice to Mr. Dyer's right to file a § 2255 motion asserting ineffective assistance of counsel in connection with his guilty plea and waiver, and we DISMISS the appeal.

ENTERED FOR THE COURT
PER CURIAM